CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 09 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRIS CARTY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13cv00234 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| P. SCARBERRY, *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This matter is before the court on Carty's motion for preliminary injunctive relief (ECF No. 15), in which Carty asks the court to order the defendants to 1) provide Carty with a medically prescribed diet and 2) transfer him to a facility in the United States Virgin Islands.[1] Carty also claims he is the victim of retaliation for filing this lawsuit. Having reviewed Carty's motion and pertinent portions of the record, including defendants' response in opposition to Carty's motion, the court finds no basis for granting preliminary injunctive relief regarding his diet and, therefore, denies Carty's motion as to that issue. The court will take the remaining issues under advisement and refer the case to United States Magistrate Judge Pamela Sargent for a hearing and issuance of her proposed findings and recommendations.

I.

Carty alleges that he suffers from cardiac disease and high blood pressure for which he takes medication and eats a medically-prescribed diet. Carty claims that he was prescribed a vegetarian cardiac diet and that the defendants are failing to provide him with that diet. Carty states that he has lost a "significant amount of weight" and is being "starved" and, consequently, his body is "very weak and in pain," he is "confus[ed], dizzy, [and] light-headed," and he suffers headaches. Carty argues that his life is in danger and that he could suffer a heart attack or a stroke at any time.

---

[1] This opinion subsumes Carty's request for a temporary restraining order.

Carty also argues that the defendants' have required him to live in segregation confinement conditions, which along with failing to provide him with his medically prescribed diet, constitutes cruel and unusual punishment. Carty describes his segregation conditions as a very cold temperature cell with no socks, blanket, toothbrush, toothpaste, or deodorant. Carty claims prison officials are refusing him his recreation and showers.

Carty also alleges that various non-defendant correctional officers have retaliated against him for filing this civil rights action by "spitting and smearing dirt" in his food tray on one occasion, refusing to feed him on one occasion, refusing to give him grievance forms, taking all of his property, and "intentionally" tripping him on one occasion which caused him injury.

As injunctive relief for his collective claims, Carty requests a vegetarian cardiac diet and a transfer "back to his home country of the United States Virgin Islands" to avoid these living conditions.

The defendants have responded extensively to issues surrounding Carty's diet. They provided affidavits asserting that Carty has been prescribed a cardiac diet, which he receives. Defendants assert that, although he prefers a vegetarian diet, there is no medical reason why Carty cannot eat meat, and his medical diet takes precedence over his preferred diet. Further, although defendants concede that Carty has lost weight, they indicate his weight loss is because Carty has refused to eat the food trays provided to him. Defendants also state that the medical department monitors Carty regularly although Carty has refused medical monitoring on several occasions. For instance, Carty refused a doctor sick call on May 21, 2013, refused to leave his cell for a weight check on July 24, 2013, and refused a hypertension/chronic care assessment on August 20, 2013. If at some point his health is in jeopardy, the defendants assert they have intervention procedures in place to address the problem.

II.

2

Carty asks for preliminary injunctive relief, in part, to address the food he receives. The court finds Carty has not clearly shown he is likely to succeed at trial regarding the prison's alleged deliberate indifference to his dietary needs.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-76, 172 L. Ed. 2d 249 (2008).

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that petitioner will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (1958)).

In his underlying claim and in the motion for a preliminary injunction, Carty argues that the defendants' failure to provide him with his medically prescribed diet constitutes cruel and

3

unusual punishment and that prison officials are acting deliberately indifferent to his medical dietary needs. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

III.

While Carty claims deliberate indifference to his dietary needs, the defendants have put forth considerable evidence to the contrary. The defendants state they are following Carty's medically prescribed diet, which came as a result of medical care Carty has received. The defendants claim to provide medical monitoring to Carty (when he will accept it), which has included weight checks and evaluations of his cardiac condition. The defendants referred Carty for psychiatric evaluation and have procedures in place to address Carty's medical needs should his condition be placed in jeopardy. In short, the defendants appear concerned by Carty's condition rather than indifferent to it, much less deliberately indifferent. The court cannot conclude Carty has made a clear showing that he is likely to succeed at trial on the merits related

4

to his diet and therefore denies Carty's request for injunctive relief to the extent it relates to his diet.

IV.

Carty's motion for preliminary injunction also makes other claims, which include his segregation conditions and retaliation by certain individuals. The defendants have not directly addressed Carty's remaining claims. Although Carty is not entitled to the specific injunctive relief he requests (e.g. a transfer to the Virgin Islands), the court is not prepared to rule on whether he should receive any injunctive relief without having heard from the defendants on those issues. The court will take the remaining aspects of Carty's motion under advisement pending a hearing and proposed findings and recommendations from the magistrate judge on the remaining issues in Carty's motion.

V.

Based on the foregoing, the court finds that Carty has not made a clear showing that he is likely to succeed at trial on the merits as it relates to his diet and, therefore, that Carty has not satisfied the Winter test. Accordingly, the court hereby **ORDERS** that Carty's motion for preliminary injunctive relief is **DENIED IN PART** as to his diet. The court **TAKES UNDER ADVISEMENT** the remainder of Carty's motion. The court **DIRECTS** the magistrate judge to convene a hearing among the parties on the remainder of Carty's motion and issue proposed findings and recommendations for the court's consideration thereafter.

The Clerk of the Court is directed to send a copy of this Order to the parties.

ENTER: This 9/M of October, 2013.

United States District Judge